UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA            :
                                    :
            v.                      :            CR No. 16-84M
                                    :
JUAN CATALA                         :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommended disposition (28 U.S.C. § 636(b)(1)(B)) is the Petition of Third-Party Claimant David Vogel (the "Claimant") filed pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c), Fed. R. Crim. P. (Document No. 20). The Government has moved to dismiss the Petition pursuant to Rule 32.2(c)(1)(A), Fed. R. Crim. P. (Document No. 24). A hearing was held on December 19, 2016. For the following reasons, I recommend that the Claimant's Petition be DISMISSED.

### Background

The parties agree that the operative facts are undisputed and the matter presents only questions of law.[1] On July 6, 2016, federal agents executed a search warrant at the residence of Defendant Juan Catala. Mr. Catala was arrested and the agents seized, inter alia, a sum of United States currency totaling $14,792.00. On October 14, 2016, Mr. Catala pled guilty to four counts of unlawful distribution of Oxycodone and one count of unlawful possession with intent to distribute

---

[1] See, e.g., United States v. Martinez, 228 F.3d 587, 589-590 (5th Cir. 1990) (In a criminal forfeiture proceeding, "[n]o hearing on the merits is necessary if the Court can dispose of the claim on the pleadings as a matter of law."). See also Rule 32.2(c)(1)(A), Fed. R. Crim. P.; and United States v. Valentin-Acevedo, 625 Fed. Appx. 16, 18-19 (1st Cir. 2015).

marijuana. The Criminal Information to which Defendant pled guilty also provided for the forfeiture of the $14,792.00 in United States currency pursuant to 21 U.S.C. § 853. On October 18, 2016, the Court entered a Preliminary Order of Forfeiture as to such currency. (Document No. 18). In the Order, the Court found that the currency "was involved in or used in violation of [federal criminal law]" and is subject to forfeiture pursuant to 21 U.S.C. § 853.

On October 28, 2016, the Claimant filed a timely Petition claiming a "superior" legal interest in such currency and asserting an entitlement to the entirety of the forfeited currency. The Claimant's argument arises out of a state court final judgment in his favor and against Mr. Catala in the principal amount of $8,500.00 plus interest.[2]

On April 9, 2007, the Claimant wired $8,500.00 as a loan to Mr. Catala c/o the Bellagio Hotel in Las Vegas. Mr. Catala never repaid the money. The matter was the subject of a bench trial in Superior Court. Mr. Catala argued that the loan was an unenforceable gambling contract which was "utterly void" as a matter of law pursuant to R.I. Gen. Laws § 11-19-17. The Superior Court Justice disagreed and concluded that the oral loan agreement was enforceable because the Claimant did not "knowingly" advance the money to Mr. Catala "for the purpose of gambling or betting."

Mr. Catala appealed. On appeal, the Supreme Court rejected Mr. Catala's appeal primarily because of his failure to obtain a transcript of the bench trial in issue. Vogel v. Catala, 63 A.3d 519 (R.I. 2013). A majority of the Supreme Court held that this defect precluded meaningful appellate review of the trial justice's factual determination that the Claimant did not "knowingly" lend the

---

[2] It is undisputed that the judgment plus accrued interest to date exceeds $14,792.00.

2

money at issue for purposes of gambling.[3] Id. at 522.  Thus, on April 20, 2013, it affirmed the judgment of the Superior Court.

Mr. Vogel's post-appeal attempts to collect on his judgment have been unsuccessful.  His writ of execution was returned fully unsatisfied and unpaid.  Mr. Catala failed to appear for a judgment debtor examination noticed pursuant to Rule 69(b), R.I. Super. Ct. R. Civ. P.  The Claimant also recorded an attachment on Mr. Catala's personal residence but there is apparently insufficient equity in the property to satisfy the judgment.

## Discussion

This case involves the cash proceeds of drug trafficking activity which are undisputably subject to mandatory criminal forfeiture pursuant to 21 U.S.C. § 853(a).  The Claimant here asserts a third-party claim to such proceeds pursuant to 21 U.S.C. § 853(n)(6)(A).  In order to prevail, the Claimant must prove by a preponderance of the evidence that his "right, title or interest was vested in [him] rather than [Mr. Catala] or was superior to any right, title or interest of [Mr. Catala]" at the time of commission of the crime.  Id.  "Subsection 853(n)(6)(A) works hand in hand with the relation-back doctrine embodied in § 853(c), which provides that all property subject to forfeiture based on a criminal offense 'vests in the United States upon the commission of the [offense].'" United States v. Watts, 786 F.3d 152, 166 (2d Cir. 2015)(quoting 21 U.S.C. § 853(c)); see also United States v. Wilson, 640 F. Supp. 2d 1257, 1259 (E.D. Cal. 2009) ("The government's interest in the property vests at the moment the crime occurs.").

---

[3] In dissent, Justice Robinson reasoned that the case should never have gone to trial because Mr. Vogel had admitted in prior pleadings, including a sworn affidavit, that the purpose of the loan was to permit Mr. Catala to gamble. 63 A.3d at 523-526. Thus, he concluded that Mr. Vogel was "statutorily barred" by R.I.Gen. Laws § 11-19-17 from recovering the sum of money at issue.

3

Here, the Claimant argues that his legal interest as a judgment creditor under Rhode Island law satisfies § 853(n)(6)(A).  In particular, he contends that "upon presentment of an Execution in a Supplemental Proceeding in Aid of Execution, a judgment-creditor in Rhode Island has, by operation of law, perfected at that moment the judgment as against every kind of personal property that the debtor might have [or obtain in the future] to satisfy the judgment." (Document No. 26 at p. 11).  He argues that he is "more than a mere general creditor" and achieved such status "long before [Mr. Catala] committed the acts giving rise to forfeiture." Id.

While it may well be true that the Claimant had a superior legal interest to Mr. Catala at the relevant time, his argument fails to appreciate the reach of the "relation back doctrine" in the context of the forfeiture of the proceeds of crime.  Section 853(c) is crystal clear and provides that all property subject to forfeiture based on a criminal offense "vests in the United States upon the commission of the [offense]."  "Because forfeitable property vests in the Government immediately upon the commission of a criminal act, a third party may prevail under §853(n)(6)(A) only by establishing that he 'had a legal interest in the forfeited property before the underlying crime was committed - that is, 'before the government's interest vested.'" Watts, 786 F.3d at 166 (quoting United States v. Trimley, 507 F.3d 1125, 1130 (8th Cir. 2007) (emphasis in original)).  The Claimant has not made such a showing here and cannot as a practical matter as to the cash proceeds of drug trafficking activities.

Because of the reach of §853(c), "courts have recognized that a petitioner is unlikely ever to prevail at an ancillary hearing under §853(n)(6)(A) where the forfeited property consists of 'proceeds' derived from or traceable to a criminal offense." Watts, 786 F.3d at 166.  For instance, in United States v. Hooper, 229 F.3d 818, 821 (9th Cir. 2000), the Ninth Circuit considered the

4

community property interests of the defendants' spouses in the proceeds of drug sales that were subject to criminal forfeiture. The spouses in <u>Hooper</u> argued that they had a community property interest in all property acquired by their husbands during their marriage that arose by operation of state law at the instant the property was acquired. <u>Id.</u> at 819. Similarly, the Claimant here contends that the judgment and execution gave him a preexisting property right in any property held or acquired by Mr. Catala. However, the Ninth Circuit rejected that argument and held that, since the proceeds of crime cannot precede the crime, the spouses could not have a vested state law property interest at the time their husbands committed their crimes. <u>Id.</u> at 821-822. Rather, pursuant to §853(c), the Government had a preceding "inchoate interest" in the criminal proceeds which vested by statute as a matter of federal law. <u>Id.</u> at 822-823.

There is simply only one plausible way to interpret § 853 and such interpretation provides no relief to the Claimant. Section 853(c) unequivocally provides that "[a]ll right, title, and interest in [forfeitable] property vests in the United States upon the commission of the act giving rise to forfeiture." (Emphasis added). Since the proceeds of a crime cannot precede the crime, and the term all means all, Mr. Catala did not have any legal right to such proceeds as a matter of federal law. In addition, the Claimant could have no property right superior to Mr. Catala's at the time he committed the unlawful acts giving rise to forfeiture as contemplated by §853(n)(6)(A) because "[t]he government's interest in the [proceeds] vest[ed] at the moment the crime occur[ed]." <u>Wilson</u>, 640 F. Supp. 2d at 1259. Accordingly, I recommend that the Government's Motion to Dismiss (Document No. 24) be GRANTED and that the District Court Dismiss the Claimant's Petition (Document No. 20) pursuant to Rule 32.2(c)(1)(A), Fed. R. Crim. P., for failing to state a viable claim under 21 U.S.C. § 853(n)(6)(A).

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Fed. R. Crim. P. 59(b)(2); Local Rule Cr. 57.2(d)(1). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 22, 2016

6